1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, | Case Number C-01-20419 JF |
| Plaintiff, | ORDER[1] GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | |
| UNIFY CORPORATION, a Delaware corporation; GARY PADO; REZA MIKAILLI; KURT GARBE; STEVEN D. WHITEMAN; ARTHUR C. PATTERSON; JEREMY JACKSON; FRANK VERARDI; WALTER KOPP, | [Docket No. 44] |
| Defendants. | |

        Plaintiff moves for dismissal of the instant action without prejudice pursuant to

Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The Court has read the moving

and responding papers and has considered the arguments of counsel presented on

February 3, 2003.  For the reasons set forth below, the motion will be granted.  In the

exercise of its discretion, the Court declines to award costs and attorney's fees to either

party.

---

        [1]This disposition is not designated for publication and may not be cited.

Case No. C-01-20419 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE
(JFEX1)

# I. BACKGROUND

On April 20, 2000, Plaintiff Zurich American Insurance Company ("Zurich") issued a Directors and Officers Liability and Reimbursement Excess Policy to Defendant Unify Corporation ("Unify") (the "Policy").  The limit of liability was $5,000,000 in excess of the $5,000,000 limit of liability provided by the primary insurer, National Union Fire Insurance Company.  The policy period was from April 20, 2000, to September 1, 2000.  Unify paid Zurich a premium of $30,000.

As a prerequisite to its issuing the Policy, Zurich requested that Unify provide a letter warranting that it had no knowledge or information regarding any act, error, omission, fact or circumstance that may give rise to a claim that may fall within the scope of the Policy, together with a copy of the application for the primary policy that was incorporated into the Zurich Policy.  In compliance, Unify provided its most recent financial statements, and represented that it knew of no acts, errors, omissions, facts or circumstance that might give rise to a claim within the Policy.

Subsequent to the issuance of the Policy, Unify issued revised financial statements showing that the financial information provided to Zurich was incorrect.  Zurich then became aware of several shareholder derivative lawsuits filed on behalf of Unify in both state and federal courts, alleging that as a result of the misconduct of certain Unify directors and officers the value of Unify's stock was artificially inflated to further their illicit gain.

In April 2001, Zurich contacted Unify in an attempt to rescind the contract and return the premium.  On May 14, 2001, Zurich filed this action against Unify seeking rescission, reformation and declaratory relief.  Zurich alleges that Unify misrepresented its financial situation in procuring the policy.  On September 17, 2001, Unify moved for an order dismissing Zurich's action, or in the alternative, for an order granting a stay of all proceedings.  Unify urged this Court to decline jurisdiction over Zurich's action in deference to the pending derivative actions.  On November 6, 2001, this Court denied Unify's motion and retained jurisdiction over Zurich's claims.

2

1    On December 30, 2002, Zurich filed the instant motion for dismissal of this action

2    without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

3    Unify does not oppose the motion per se, but seeks a return of the $30,000 premium and

4    roughly $55,000 in attorney's fees as a condition of dismissal.  Zurich opposes this

5    condition and argues that Unify should pay Zurich's  attorney's fees.

6

7                              **II. DISCUSSION**

8    Rule 41(a)(2) of the Federal Rules of Civil Procedure provides for voluntary

9    dismissal of an action at the plaintiff's request with the approval of the court.  The

10   dismissal is "upon such terms and conditions as the court deems proper."  FED. CIV.

11   PROC. 41(a)(2).  A plaintiff should be permitted to dismiss an action without prejudice

12   unless the defendant will suffer some plain legal prejudice as a result of the dismissal.

13   *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire &*

14   *Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

15   Unify does not object to the voluntary dismissal without prejudice, but rather

16   contends that costs and attorney's fees as well as return of the premium should be

17   awarded as a condition to the dismissal.  Unify cites to no guiding authority to support its

18   request that this Court order return of the premium.  Although the Court recognizes that

19   under Ninth Circuit law it has broad discretion in determining conditions for a voluntary

20   dismissal, the condition here is inappropriate.  Unify has other more appropriate means at

21   its disposal for obtaining a legal determination as to whether Zurich owes Unify the return

22   of the premium.[2]  It thus suffers no legal prejudice as a result of Zurich's Rule 41(a)(2)

23   voluntary dismissal.

24

25

26   [2]Defendant concedes in its opposition papers that, "there has been no hearing on or
     review of any aspect of the merits of this case."  Defendant nevertheless asks that this Court
27   make a determination as to whether Plaintiff rescinded the contract before the commencement of
     this action.  Such a determination would require analysis of the facts beyond those contained in
28   the record or argued in the moving papers.

                                      3

1    Although it has discretion to require payment of Unify's costs and attorney's fees,

2  the Court is not persuaded that such a requirement is warranted here.  The parties disagree

3  as to which party had the power to put an end to the instant litigation at an earlier time.

4  What is clear is that both parties furthered the suit at various junctures, precluding more

5  expeditious and less costly resolution.

6    Unify asserts that Zurich's action was without merit and had no chance of success.

7  Zurich argues that the Court's denial of Unify's motion to dismiss was evidence that the

8  case had merit.  The Court disagrees with both parties.  Unify's motion was solely

9  procedural and did not involve an assessment of the merits.  Unify fails to show, however,

10  that Zurich could not have succeeded in this action.  Zurich maintains that it continued to

11  believe that it was necessary to continue with this action until it was clear that the its

12  policy would not be necessary to defend against the shareholder derivative suits.

13    Granting costs to Unify would incorrectly place the responsibility for the length of

14  this lawsuit solely on Zurich – a view that is not supported by the record.  The primary

15  authority cited by Unify makes clear that the Court has discretion to determine whether

16  the imposition of costs is appropriate as a condition for voluntary dismissal without

17  prejudice.  *Stevedoring Services of America v. Armilla Int'l,* 889 F.2d 919, 921 (9th Cir.

18  1989).  Having considered the relevant circumstances and in the exercise of its discretion,

19  the Court declines to award costs and attorney's fees to Unify here.

20

21

22

23

24

25

26

27

28

Case No. C-01-20419 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE
(JFEX1)

1

### III. ORDER

2    Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiff's

3 motion to dismiss is GRANTED.

4

5

6 DATED: February 3, 2003

7
                                            (electronic signature authorized)
8                                            _____
9                                            JEREMY FOGEL
                                             United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C-01-20419 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE
(JFEX1)